Filed 4/19/16  P. v. Dozier CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B261764 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA060205) |
| v. | |
| DAMEN M. DOZIER, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Eric P. Harmon and J. Charles A. Chung, Judges.  Affirmed.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Paul M. Roadarmel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

Defendant and appellant Damen M. Dozier appeals from his conviction of four felony counts: felon in possession of a shotgun (Pen. Code, § 29800, subd. (a)(1)); felon in possession of a handgun (*ibid.*); felon in possession of ammunition (§ 30305, subd. (a)(1)); and felon in possession of a short-barreled shotgun (§ 33215). In a bifurcated proceeding, the jury also found true the allegation that defendant had suffered a prior prison term within the meaning of section 667.5, subdivision (b). Defendant was sentenced to an aggregate state prison term of three years eight months, and was awarded 1,092 days of custody credits.

On appeal, defendant raises only one issue. Defendant asks this court to review the sealed proceedings related to his pretrial motion brought pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 to determine whether any discoverable materials were wrongfully withheld. Respondent does not object.

During pretrial proceedings, defendant moved to discover complaints against two deputy sheriffs involved in his arrest and the search of his home, Deputies Christopher Dimmitt and Lohnnie Day. Defendant contested the search of his home in which the contraband was discovered, denying he gave consent to search or made any statement to the police about being in a gang or selling marijuana. Defendant also asserted he did not recall signing the consent to search form and if he did sign it, the nature of the form must have been misrepresented to him. Defendant's motion suggests the deputy responsible for formally arresting him, advising him of his rights and presenting the consent form to search was Deputy Dimmitt.

The court granted the motion in part, ordering an in camera hearing of all relevant complaints related to alleged acts of dishonesty by Deputy Dimmitt. The in camera hearing held on October 3, 2013, was transcribed by a court reporter and the record sealed. At the hearing, the custodian of records was placed under oath and testified there were five complaints against Deputy Dimmitt. The court described each complaint on the record and found one was discoverable. The court ordered the disclosure of that complaint related to Deputy Dimmitt.

2

We have reviewed the sealed transcript of the in camera proceeding and are satisfied the court did not abuse its discretion in ruling on defendant's motion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1230.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.



FLIER, J.